21-1734-cv
Faehner v. Webcollex, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of February, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             MYRNA PÉREZ,
                      *Circuit Judges*.

_____

MARYELLEN FAEHNER,

                 *Plaintiff-Appellant*,

         v.                                                  21-1734-cv

WEBCOLLEX, LLC, dba CKS FINANCIAL,

                 *Defendant-Appellee*.

_____

Appearing for Appellant:     Yitzchak Zelman, Marcus & Zelman, LLC, Asbury Park, N.J.

Appearing for Appellee:      Peter G. Siachos, Gordon & Rees (Jacob C. Cohn, *on the brief*),
                             Florham Park, N.J.


Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum and order of said District Court be and it hereby is **VACATED** and this matter is **REMANDED**.

Maryellen Faehner appeals from the June 22, 2021 memorandum and order of the United States District Court for the Eastern District of New York (Mauskopf, *C.J.*) granting defendant Webcollex, LLC's motion to dismiss the amended complaint for failure to state a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e), (g). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Three days after the district court dismissed the amended complaint, the Supreme Court decided *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), which narrowed the grounds for asserting standing where the injury is primarily statutory. Given the change in standing doctrine that *TransUnion* has brought about, we remand to allow plaintiff an opportunity to replead her claims to comport with the pleading standards set out in *TransUnion*, and to give the district court an opportunity to address any standing questions in the first instance. *See Warth v. Seldin*, 422 U.S. 490, 501–02 (1975) ("[I]t is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.").[1]

From whatever final decision the district court makes, the jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the Clerk of this Court within ten days of the district court's decision, in which event the renewed appeal will be assigned to this panel. *See United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994).

Accordingly, the order of the district court hereby is VACATED and this matter is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Because the question of standing has not been resolved in this case, the merits of the complaint are not before this Court. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction."). This panel nonetheless notes for the benefit of the parties that we have serious doubts whether, even if Faehner should meet the technical requirements of standing, her complaint would succeed on the merits should it be tested under Rule 12(b)(6).